(121 So. 2)

McCLENDON v. STATE. (8 Div. 641.)

Court of Appeals of Alabama. March 19, 1929.

Wm. C. Rayburn, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The appellant has pointed out by written assignments of error her insistence, but has not followed this up by citation of any authorities. In passing upon the questions, we follow the assignments.

The court did not err in putting the defendant to trial in the absence of her witness, Dr. W. T. Miller. This witness had been regularly summoned, and, failing to answer, the court issued an attachment and permitted the defendant to make a showing for this witness, which was admitted in evidence. This is the universal practice, and when complied with the defendant is held to have every right to which he is entitled.

It was relevant and admissible for the state to prove by the witness Latimer that, within two hours after the body of deceased was found, he saw Sheriff Hyde pick up a pistol near the scene of the homicide, in connection with other testimony tending to prove that the pistol was the property of defendant, and was found near the right of the car in which deceased and defendant had been together prior to the killing.

The venue of criminal prosecutions committed in Marshall county was fixed by act of the Legislature (Loc. Acts 1919, p. 12) creating and providing for terms of the circuit court at Albertsville, so as to include Albertsville beat in said county. The changing of the beat lines by the court of county commissioners could not change this law. The venue of the crime remained in the territory embraced in Albertsville beat at the time of the creation of the branch court above referred to, so all the rulings of the court relative to the question of venue, being in accord with this view, were without error.

There was no error in the remark of the court that: "Ordinarily a witness can say where a town is, or a county is, or a beat is." This is ordinarily the case.

The question as to the formation of Mt. High beat, while irrelevant, was not injurious. In this case it would be immaterial, as the venue is fixed upon the original lines of Albertsville beat.

The doctor, who examined and probed the wound on the deceased, could state that the wound looked like where a bullet went in. This was a descriptio loci.

In testifying to the identity of the pistol, the witness said, "I think it is." Upon being asked by the court if he meant by that that it was his best judgment, he answered, "Yes." This was not error.

Charges refused to the defendant were either erroneous or were covered by the court in its general charge.

We have read this record with care and this defendant has received a fair trial, in which "justice was tempered with mercy."

Let the judgment be affirmed.

Affirmed.